## STRAUSS v. VOGT.

(Superior Court of New York City, General Term.  July 3, 1893.)

ATTACHMENT—MOTION TO VACATE—RES JUDICATA.
   Code Civil Proc. § 682, providing that a defendant, or his assignee, may lawfully move to vacate an attachment against the property of defendant, does not allow such a motion by the assignee where similar motions theretofore made by defendant have been denied.

Appeal from special term.

Action by Ferdinand A. Strauss against John Henry Vogt. After an attachment of defendant's property, defendant made an assignment for the benefit of creditors, and Edward E. Thomas was appointed assignee.  From an order dismissing an order to show cause obtained by such assignee, and substantially denying to the assignee the right to move to vacate the attachment, the assignee appeals.  Affirmed.

The following is the opinion of McADAM, J., at special term:

Under section 682 of the Code, a defendant or his assignee may lawfully move to vacate an attachment against property. It is a right belonging to either, but does not necessarily extend to both. The defendant moved— First, on the original papers; second, on counter affidavits. Both motions were denied, and an appeal is now pending from the decision last made, in which the assignee may be heard at general term. These decisions, until reversed, preclude the assignee from obtaining a rehearing of the matters adjudicated. He merely succeeds to the rights of the assignor, subject to the litigation then pending. The adjudications made bind the assignee on account of the privity between the parties. See Wells, Res Adj. § 32; Ludington's Petition, 5 Abb. N. C. 307; and, by analogy, see rule as to privity bailor and bailee, Wells, Res Adj. § 67. Suppose the present application should be denied upon the merits, what is to prevent successive assignees from making similar motions, founded on their newly-acquired interest in the property? The line must be drawn somewhere, or motions of this kind may become interminable. The motion by the assignee will therefore be denied, and upon the ground that he has, under the circumstances, no right to a rehearing without leave of the court first had and obtained.  No costs.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Hess, Townsend & McClelland, for plaintiff.
F. A. Thomson, for defendant.

PER CURIAM.   The order should be affirmed, with $10 costs and disbursements, on the opinion of the special term.

---

(4 Misc. Rep. 382.)
FRICKEL v. FRICKEL.

(Superior Court of New York City, Special Term.  July 28, 1893.)

1. DIVORCE—ALIMONY PENDENTE LITE.
   Where defendant, in an action for divorce on the ground of adultery, denies the charge on oath, she will be granted an allowance for counsel fees and alimony pending the action, though plaintiff submits affidavits in support of the charge, unless defendant's guilt appears beyond reasonable doubt.